UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELE FIELD ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED RECOVERY SERVICES, INC. ) <br>     Defendant, ) <br> ) <br> ) | **Civil Action No.** <br> **11-CV-40115** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Michelle Field, an individual consumer, against Defendant, United Recovery Systems, LP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### *III. PARTIES*

3. Plaintiff, Michelle Field, is a natural person with a permanent residence in Athol, Worcester County, Massachusetts 01331.

4. Upon information and belief Defendant, United Recovery Systems, LP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business in this District located at 5800 North Course Drive, Houston, Harris County, Texas 77072. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. Upon information and belief, Defendant began communicating with Plaintiff on or before May 9, 2011, in reference to the alleged debt.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Plaintiff's place of employment is in Athol, Worcester County, Massachusetts.

9. On May 9, 2011 at approximately 10:00 antemeridian, eastern standard time, Defendant, by its agent who identified himself as 'Charles', in connection with the collection of an alleged debt, contacted Plaintiff at her place of employment.

10. On May 9, 2011 at approximately 10:00 antemeridian, eastern standard time, Plaintiff informed Defendant that she was represented by legal counsel in regards to the alleged debt and gave Defendant the legal counsel's contact information, then told Defendant that her employer does not allow her to receive personal calls while at work, and then terminated the call.

11. On May 9, 2011 at approximately 10:10 antemeridian, eastern standard time, Defendant, by its agent who identified himself as 'Charles', in connection with the collection of an alleged debt, contacted Plaintiff for a second time in less than an hour at her place of employment.

12. On May 9, 2011 at approximately 10:10 antemeridian, eastern standard time, Plaintiff again informed Defendant that she was represented by legal counsel in regards to the alleged debt and gave Defendant the legal counsel's contact information, then told Defendant that her employer does not allow her to receive personal calls while at work, and then terminated the call.

13. On May 11, 2011, Defendant, by its agent who identified himself as 'Charles', in connection with the collection of an alleged debt, again contacted Plaintiff at her place of employment.

14. On May 11, 2011, Plaintiff again informed Defendant that she was represented by legal counsel in regards to the alleged debt and gave Defendant the legal counsel's contact information, then told Defendant that her employer does not allow her to receive personal calls while at work, and then terminated the call.

15. The second phone call made on May 9 and the call made on May 11 was done unfairly and unconscionably with the intent to harass, abuse, and embarrass the Plaintiff.

16. Plaintiff has never received any written communication for the Defendant.

## V. <u>CLAIM FOR RELIEF</u>

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

    (b) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after Defendant knows Plaintiff is represented by an attorney with regard to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, and the attorney has not consented to communication with Plaintiff; and

    (c) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication; and

(d) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(f) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, with said communication includes the amount of the alleged debt that Defendant is attempting to collect; and

(g) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, and said communication includes the name of the creditor to whom the alleged debt is owed that Defendant is attempting to collect; and

(h) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, and said communication includes a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant; and

(i) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of

        the initial communication, and said communication includes a statement that if Plaintiff notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant; and

    (j) Defendant violated *§1692g(a)(5)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, and said communication includes a statement that, upon Plaintiff's written request within the thirty-day period, Defendant will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Michelle Field, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, United Recovery Systems, LP, for the following:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA.

  B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Michelle Field, demands trial by jury in this action.

This 23th day of June, 2011.

ATTORNEY FOR PLAINTIFF
Michelle Field

Respectfully submitted,
By: /s/ Kevin J. Buckley, Jr.
Kevin J. Buckley, Jr.
BBO: 674594
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (978) 212-3300
Fax: (888) 712-4458
attorneykevinb@consumerlawfirmcenter.com